UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

SUSAN BLACK,

                        Plaintiff,

     -against-                            5:11-CV-0577 (LEK/DEP)

MAIN STREET ACQUISITION CORP.;
and FORSTER & GARBUS, LLP,

                        Defendants.

## **DECISION and ORDER**

On April 4, 2011, Plaintiff Susan Black ("Plaintiff") commenced an action in the Supreme Court of the State of New York, County of Onondaga. Dkt. No. 1 ("Notice of Removal") ¶ 1. On May 24, 2011, Defendants Main Street Acquisition Corporation and Forster & Garbus LLP (collectively, "Defendants") filed a Notice of removal seeking to remove the state-court action to the United States District Court for the Northern District of New York. <u>Id.</u>

On March 29, 2012, Defendants filed a Motion for summary judgment. Dkt. No. 10 ("Motion"). In their Motion, Defendants contend that the Court should dismiss Plaintiff's Amended Complaint with prejudice because: (1) the Court lacks subject-matter jurisdiction based upon the <u>Rooker-Feldman</u> doctrine and principles of *res judicata*; (2) decisions in two similar actions in Syracuse City Court would have binding effect against Plaintiff in any state-court proceeding that might be brought arising from this claim; (3) Plaintiff has failed to state a viable cause of action; and (4) Plaintiff's failure to pursue or respond to discovery and prosecute this action warrants dismissal of the action with prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure. Dkt. No. 10-2 at 2.

Plaintiff subsequently filed a Response in opposition to the Motion in which she concedes that the Court lacks subject-matter jurisdiction. Dkt. Nos. 11-12. Defendants, in turn, filed a Reply, reiterating that the Court lacks subject-matter jurisdiction, but also arguing that this matter should be dismissed with prejudice. Dkt. No. 14.

Where a court's subject-matter jurisdiction is in doubt, a court must resolve that question first and proceed to the merits of a case only if jurisdiction is established. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93-101 (1998). The party asserting that the Court has jurisdiction "bears the burden of proving the Court's jurisdiction by a preponderance of the evidence." Selvarajah v. U.S. Dep't of Homeland Sec., No. 10 Civ. 4580, 2010 WL 4861347, at *1 (S.D.N.Y. Nov. 30, 2010).

In this case, Defendants filed the Notice of removal and therefore initially asserted that the Court had jurisdiction. Notice of Removal ¶ 6 ("This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 as the claims arise out of alleged violations of the Federal FDCPA statute codified in 15 U.S.C. §1692 et seq. as alleged in the First Cause of Action in the Amended Complaint."). Defendants therefore bear the burden of proving the Court's jurisdiction. Selvarajah, 2010 WL 4861347, at *1. However, instead of offering proof of the Court's jurisdiction, Defendants insist that the Court *lacks* jurisdiction, and Plaintiff concurs. Therefore, because no party shoulders the burden of proving jurisdiction, the Court finds that it lacks subject-matter jurisdiction to hear this case. Accordingly, this action is *sua sponte* remanded to the state court pursuant to 28 U.S.C. § 1447(c).

IV. **CONCLUSION**

Accordingly, it is hereby:

2

**ORDERED**, that this matter is **REMANDED** to the New York State Supreme Court, Onondaga County; and it is further

**ORDERED**, that Defendants' Motion (Dkt. No. 10) for summary judgment is **DENIED as moot**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED**.

DATED:   March 27, 2013
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge